[Cite as *In re A.D.*, 2013-Ohio-1308.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| A.D., et al. | : | CASE NO. CA2012-07-023 |
| | : | O P I N I O N<br>4/1/2013 |
| | : | |
| | : | |

APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case Nos. 11AND0415 and 11AND0416

Jennifer Hitt, 63 North Main Street, Suite B, London, Ohio 43140, for appellant, Milisa Van Stenis

Raymond Donato, 2103 Beach Village Circle, Palm Coast, Florida 32137, appellee, pro se

Jess C. Weade, Fayette County Prosecuting Attorney, James B. Roach, 110 East Court Street, Washington C.H., Ohio 43160, for Fayette County Children Services

**RINGLAND, J.**

{¶ 1} Appellant, Milisa Van Stenis (Mother), appeals a decision of the Fayette County Court of Common Pleas, Juvenile Division, granting legal custody of her children to Raymond Donato (Father).

{¶ 2} Mother and Father are the parents of two minor children, A.D and G.D. On July 6, 2011, temporary custody of the children was granted to Fayette County Department of Job

and Family Services, Children Services Division (FCDJFS) after FJCDJFS filed complaints alleging that A.D. and G.D. were neglected and dependent children. The basis for the complaints was the arrest and subsequent incarceration of Mother for a probation violation relating to her illegal use of drugs.

{¶ 3} On August 23, 2011, FCDJFS moved to withdraw the counts in the complaints which alleged that the children were neglected. Mother then entered admissions that the minor children were dependent under R.C. 2151.04. Father was duly served but was in default for failing to appear or answer in the matters. The trial court found A.D. and G.D. to be dependent children.

{¶ 4} On August 30, 2011, Father filed a pro se motion for custody of the children. Following a dispositional hearing on September 22, 2011, the trial court issued a decision maintaining temporary custody with FCDJFS.

{¶ 5} On December 7, 2011, FCDJFS filed a motion to modify the dispositional orders by granting custody of the children to Father. On March 6, 2012, a hearing was held on FCDJFS' motion to modify the dispositional orders and on Father's motion for custody. Immediately after the hearing, FCDJFS placed the children with Father and they were allowed to travel with Father to his home in Florida.[1] On March 8, 2012, Mother filed a motion objecting to FCDJFS' placement of the children with Father. On March 9, 2012, the trial court denied the motions of FCDJFS and Father.

{¶ 6} On June 13, 2012, a hearing was again held on FCDJFS' motion to modify the dispositional orders and Father's motion for custody, as well as on Mother's objection to the placement of the children by FCDJFS with Father. On July 23, 2012, the trial court granted

---

1 While we note the presumptuous nature of FCDJFS' placement of the children with Father while the custody decision was under advisement with the trial court, the issue of whether FCDJFS was in contempt is not before us and we therefore decline to address the issue.

legal custody of the children to Father, named Father as the residential parent, and set forth the visitation schedule for Mother.

{¶ 7} Mother appeals the trial court's decision, raising the following assignments of error:

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING LEGAL CUSTODY OF THE MINOR CHILDREN TO FATHER AND TERMINATING FAYETTE COUNTY CHILDREN'S SERVICES INVOLVEMENT.

{¶ 10} Assignment of Error No. 2:

{¶ 11} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING BY A PREPONDERANCE OF THE EVIDENCE THAT IT WOULD BE IN THE BEST INTERESTS OF THE CHILDREN TO BE PLACED IN THE LEGAL CUSTODY OF THEIR FATHER.

{¶ 12} As both of Mother's assignments of error hinge on whether the trial court properly found that it would be in the best interests of the children to be placed in the legal custody of Father, we address those assignments of error together.

{¶ 13} R.C. 2151.23 sets forth the original jurisdiction of juvenile courts, and states that "the juvenile court shall exercise its jurisdiction in child custody matters in accordance with sections 3109.04 and 3127.01 to 3127.53 of the Revised Code." R.C. 2151.23(F)(1). "When making the allocation of the parental rights and responsibilities for the care of the children * * * in an original proceeding or in any proceeding for modification of a prior order of the court making the allocation, the court shall take into account that which would be in the best interest of the children." R.C. 3109.04(B)(1).

{¶ 14} In order to determine the best interest of a child, R.C. 3109.04(F)(1) requires the juvenile court to consider all relevant factors. *In re M. M.*, 12th Dist. No. CA2010-12-034,

- 3 -

2011-Ohio-3913, ¶ 9. These factors include, but are not limited to (1) the wishes of the parents, (2) the child's interaction and interrelationship with his parents, siblings, and other persons who may significantly affect the child's best interest, (3) the child's adjustment to home, school and community, (4) the mental and physical health of all persons involved, (5) and the likelihood that the caregiver would honor and facilitate or had honored and facilitated visitation and parenting time. *In re A.L.H.*, 12th Dist. No. CA2010-02-004, 2010-Ohio-5425, ¶ 9.

{¶ 15} Trial courts are entitled to broad discretion in custody proceedings. *Davis v. Flickinger*, 77 Ohio St.3d 415 (1997), paragraph one of the syllabus. As "custody issues are some of the most difficult and agonizing decisions a trial judge must make," the judge must be given "wide latitude in considering all the evidence" and the decision must not be reversed absent an abuse of discretion. *Id*. at 418. The term abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 16} We presume that the trial court's findings are correct because the trial court is "best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984). Therefore, deferential review in a child custody determination is especially crucial "where there may be much evident in the parties' demeanor and attitude that does not translate to the record well." *Flickinger*, 77 Ohio St.3d at 419. (Emphasis sic.)

{¶ 17} In its entry, the trial court found that the children were doing well in their placement with Father. The court further found that Father is "able to meet their basic needs. He is employed and has housing. Since being in Florida, the children have done better in school and have had perfect attendance. The girls are in the process of starting counseling

and have medical cards in place." The court recognized that the children bonded with Father and that he was fulfilling the requirements of his case plan. The entry also notes that the children were able to maintain telephone contact with Mother while living with Father.

{¶ 18} Concerning the status of Mother, the court found that she "recently completed her drug rehabilitation program. She has not started her parenting classes yet. She is unemployed. Neither [M]other nor stepfather has a valid driver's license."

{¶ 19} Taking those factors into consideration, the trial court found that "it is in the best interest and welfare of the minor children to grant custody to their [F]ather." While the preferred method would be for the trial court to specifically cite R .C. 3109.04(F)(1) and walk through the relevant best interests factors individually, we find that the trial court properly considered those relevant factors in its decision regardless of whether they were listed explicitly. Therefore, we cannot find that the trial court abused its discretion in granting legal custody of the children to Father.

{¶ 20} In light of the foregoing, having found that the trial court did not abuse its discretion in granting custody of the children to Father where it considered the relevant factors and gave its reasoning for doing so, Mother's two assignments of error are overruled.

{¶ 21} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.