[Cite as *In re A.N.G.G.*, 2019-Ohio-1294.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| A.N.G.G. | : | |
| | | CASE NO. CA2018-08-084 |
| | : | |
| | | O P I N I O N |
| | : | 4/8/2019 |
| | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 13-C000039

Cordell Law, LLP, Mary C. Patton Coffman, 201 East Fifth Street, Suite 1410, Cincinnati, Ohio, 45202, for appellant

Brannon & Associates, Dwight D. Brannon, 130 West 2nd Street, Suite 900, Dayton, Ohio, 45402, for appellee

**PIPER, J.**

{¶ 1} Appellant, R.G. (Father), appeals a decision of the Warren County Court of Common Pleas, Juvenile Division, denying his motion to be named residential parent for school purposes of his biological child, the biological mother being appellee, A.B. (Mother).

{¶ 2} Mother and Father, who never married, have a child together. When their relationship ended, Mother and Father entered a shared parenting plan, which was adopted by the juvenile court in 2014. Part of the shared parenting plan was an agreement between Mother and Father regarding their child's schooling and what school district the child would

attend upon coming of age. The parties agreed that the child would attend the best school district available to them based on criteria and rankings from the Ohio Department of Education's District Rankings. The decision was to be made by June 1st of the year of the child's kindergarten registration.

{¶ 3} The parties began discussing the school designation issue in the year the child was to begin kindergarten. Unable to mutually agree upon which school district the child would attend, Mother sent Father a text message containing the ranking list as agreed upon in the shared parenting plan. This text message occurred nine days before the school year started. However, the information Mother sent was based on data and rankings from the 2013-2014 school year, which was the last year the Ohio Department of Education published the ranking list. After 2014, the Ohio Department of Education issued district report cards in lieu of its prior ranking list.

{¶ 4} Father and Mother could not reach an agreement regarding what list or report card designation to use, each claiming residence in the superior school district. Father registered the child for kindergarten in the Franklin City School District on the same day that Mother registered the child in the Preble Shawnee School District. Mother then denied Father parenting time for the weekend before school was to start.

{¶ 5} Father filed motions for contempt and emergency custody, and a complaint for custody. Father's emergency custody motion was denied, and Mother was permitted to keep the child in the Preble Shawnee School District for kindergarten. Shortly thereafter, Father relocated within the Springboro Community School District.

{¶ 6} Once Father's emergency custody motion was denied, Mother filed a motion to modify the shared parenting agreement. Father then filed a motion to amend or modify the shared parenting plan, asking the juvenile court to name him residential parent for school purposes. A magistrate held a hearing during which the parties stipulated to a 50/50

parenting time schedule. The only issues before the magistrate was whether Mother should be found in contempt for denying Father parenting time and whether Father should be named residential parent for school purposes.

{¶ 7} The magistrate issued its decision, denying Father's motion for contempt and naming Mother the residential parent for school purposes. Father objected to the magistrate's decision. The juvenile court issued an order overruling Father's objections and adopting the magistrate's decision as an order of the court. Father now appeals the juvenile court's order, raising the following assignment of error:[1]

{¶ 8} THE COURT ERRED IN ORDERING THAT MOTHER/APPELLEE BE DESIGNATED AS RESIDENTIAL PARENT FOR SCHOOL PURPOSES AS SUCH AN ORDER IS CONTRARY TO THE INTENT OF THE PARTIES.

{¶ 9} Father argues in his assignment of error that the juvenile court erred by naming Mother residential parent for school purposes.

{¶ 10} According to R.C. 3109.04(E)(2)(b), a court may modify the terms of a shared parenting plan if such modification is in the best interest of the child.[2] The best interest factors a court shall consider include, among others, the parents' wishes regarding the child's care, the child's interaction and interrelationship with those who may significantly affect the child's best interest, the child's adjustment to home, school, and community, and the parent more likely to honor and facilitate parenting time. R.C. 3109.04(F)(1)(a) thru (j).

{¶ 11} A trial court has broad discretion in custody matters, and its decision in such matters must not be reversed absent an abuse of that discretion. *In re A.D.*, 12th Dist.

---

1. Father's appeal does not challenge the juvenile court's ruling on his contempt motion.

2. The requested modification involved naming a residential parent for school purposes, which is a change to the terms of the shared parenting agreement. As such, no change in circumstances need have occurred, and instead, the modification request is governed by R.C. 3109.04(E)(2)(b). *In re E.L.C.*, 12th Dist. Butler No. CA2014-09-177, 2015-Ohio-2220.

Fayette No. CA2012-07-023, 2013-Ohio-1308, ¶ 15. An "abuse of discretion" is more than an error of law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, (1983). When applying the abuse-of-discretion standard, a reviewing court must not substitute its judgment for that of the trial court. *Morrison v. Robinson*, 12th Dist. Fayette No. CA2012-06-019, 2013-Ohio-453, ¶ 26.

{¶ 12} Regarding these factors, the juvenile court heard evidence that both parents wanted to be named residential parent for school purposes because they both believed their school district was superior. The record indicates that the parties agreed in their shared parenting plan to designate the school the child would attend by June 1st in the year the child reached school age. However, that date passed without the parties finalizing the child's enrollment plans. Instead, on August 9th, a mere nine days prior to the start of the school year, Mother sent Father the school rankings from the 2013-2014 school year as published by the Ohio Department of Education. While the Ohio Department of Education instituted report cards for school districts rather than rankings, the evidence at the hearing indicated that at the time immediately preceding the child's enrollment in kindergarten, both parties lived in school districts with "very similar rankings."

{¶ 13} The juvenile court considered that since the time of the child's enrollment in Mother's school district, the child has been doing well in school and is integrated into the community where Mother and Mother's children from a previous relationship reside. The court considered that the child and her half-siblings are well-bonded and considered to be "best friend[s]." The child rides the school bus with her older sister and the two participate in extracurricular activities together such as music and cheerleading. Specifically, the child's older sister is teaching her music, and the two siblings share the same instructors in a select ensemble group at the school. Mother testified that the child looks up to her older sister and

admires her. If the child were to go to Springboro schools, she would not see her siblings, including her older sister, to the extent she currently does.

{¶ 14} The juvenile court also considered that the child is active in advanced studies at her current school, including participation in the ALEX program, which allows children to learn at their own pace. Mother testified that the child, though in kindergarten, is working at a third-grade level and has exposure to math, science, and social studies, which are subjects that are not normally offered to kindergarteners. The child's older sister, who is gifted and attends the same school, has teachers who design coursework specifically for her.

{¶ 15} Father argues that despite the child's success in Mother's school district, he should be named residential parent for school purposes because he currently lives in Springboro, which has a superior school district to Mother's. The evidence supports Father's contention that Springboro schools score better on their report card than Preble Shawnee schools. However, Father only moved within the Springboro district *after* the child had already started school, and well after the June 1st date listed in the shared parenting plan. There is nothing in the shared parenting plan that indicates the parents' agreement that relocation by one parent to a better school system would necessitate a change in the child's school once she began school.

{¶ 16} As noted by the juvenile court, had Father moved to Springboro before the designation date listed in the shared parenting plan, the decision would be "very simple." However, and given Father's relocation *after* the child had already begun school and after the June 1st designation date, the juvenile court deemed the shared parenting plan unworkable so that a focus on the best interest of the child was paramount to a term in an unusable agreement. We agree. Based on the evidence indicated above regarding the child's current placement in Mother's school district, and how well she is doing there, we find no abuse of

discretion in the juvenile court's order naming Mother residential parent for school purposes. Father's sole assignment of error is, therefore, overruled.

{¶ 17} Judgment affirmed.

HENDRICKSON, P.J., and Ringland, J., concur.